UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEPHEN LEVESQUE, BY HIS M/N/F AND | ) |
| GUARDIAN, KAREN GRAHAM, INDIVIDUALLY, | ) |
| Plaintiff, | ) |
| | ) |
| - against - | ) |
| | ) |
| LAKEVIEW NEUROREHABILITATION CENTER, INC., | ) |
| LAKEVIEW MANAGEMENT, INC. AND LES GREENLEAF, | ) |
| JAYME SAUCIER, VALERIE CHACON, DENISE MCKIM, | ) |
| OLIVA GADWAH AND HEATHER COVILLE, INDIVIDUALLY, | ) |
| Defendants | ) |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the Plaintiff STEPHEN LEVESQUE, BY HIS M/N/F, AND GUARDIAN, KAREN GRAHAM, INDIVIDUALLY seeks relief for the Defendants' intentional violation of the Americans with Disabilities Act, Title III, 42 USC § 12181 *et*. *seq*. and the Rehabilitation Act, 29 USC § 794, Section 504. This action also claims that the Defendants violated New Hampshire Title XII, Public Safety and Welfare, Chapter 171-A, Services for the Developmentally Disabled, and Chapter 161 – F, *et*. *seq*., insofar as they, assaulted STEPHEN LEVESQUE, and otherwise intentionally and willfully neglected and deprived STEPHEN LEVESQUE of essential services or supports necessary to maintain his minimum mental, emotional or physical health and safety. This action also asserts supplemental claims for violation of New Hampshire common law including negligence, breach of contract, battery and intentional infliction of emotional distress. Plaintiff, STEPHEN LEVESQUE, BY HIS M/N/F, AND GUARDIAN, KAREN GRAHAM, INDIVIDUALL, INDIVIDUALLY seeks compensatory

and punitive damages, the award of costs, interest and attorneys' fees, and such other and further relief to the maximum extent allowed by law.

## JURISDICTION

2. This Court has Federal Question Jurisdiction pursuant to 28 U.S.C.§ 1331 as this action is based upon two important federal statutes: the Americans with Disabilities Act, Title III, 42 USC § 12181, *et seq*. and the Rehabilitation Act, 29 USC §794, Section 504.

3. The Plaintiff requests that this Court exercise supplemental jurisdiction over the State court causes of action asserted herein as they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. §1391(b) and (c) as the Defendants' facility was based in New Hampshire; Plaintiff was, at all relevant times, a New Hampshire resident; and the core nucleus of operative facts occurred within this venue.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury.

## PARTIES

6. STEPHEN LEVESQUE was, at all times relevant to this suit, a resident of LAKEVIEW NEUROREHABILITATION CENTER, located at 244 Highwatch Road, Effingham, New Hampshire 03882. He is a citizen of the State of New Hampshire, and currently resides with his mother/guardian Karen Graham at 12 Alpine Avenue, Hudson, New Hampshire 03051. STEPHEN LEVESQUE has a history of traumatic brain injury and, at all times relevant to this

action, was a qualified individual with disabilities under the Rehabilitation Act and the Americans with Disabilities Act.

7. Plaintiff, KAREN GRAHAM, is a citizen of the State of New Hampshire, and the parent and guardian of STEPHEN LEVESQUE. She resides with her son, STEPHEN LEVESQUE at 12 Alpine Avenue, Hudson, New Hampshire 03051. She sues in her capacity as guardian of STEPHEN LEVESQUE.

8. Defendant, LAKEVIEW NEUROREHABILITATION CENTER, INC. is a for-profit, medical facility approved school which was, at all times relevant, incorporated in the State of New Hampshire, and located at 244 Highwatch Road, Effingham, New Hampshire 03882, with a mailing address of 2011 Rutland Drive, Austin, Texas 78758.

9. Defendant LAKEVIEW MANAGEMENT, INC. is a for-profit, corporation responsible for the administration of the Defendant LAKEVIEW NEUROREHABILITATION CENTER, INC., which were, at all times relevant, incorporated in the State of New Hampshire, and located at 244 Highwatch Road in Effingham, New Hampshire 03882, with a mailing address of 2011 Rutland Drive, Austin, Texas 78758. (Referred to hereinafter with Lakeview Neurorehabilitation Center, Inc. as LAKEVIEW.)

10. Defendant LES GREENLEAF was, at all relevant times, employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

11. Defendant JAYME SAUCIER was, at all relevant times, employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

12. Defendant VALERIE CHACON was, at all relevant times, employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

13. Defendant DENISE MCKIM was, at all relevant times, employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

14. Defendant OLIVA GADWAH was, at all relevant times, employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

15. Defendant HEATHER COVILLE was, at all relevant times, employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

## FACTS

16. STEPHEN LEVESQUE was first admitted to LAKEVIEW in November of 2013 as he was recovering from injuries received during a violent home invasion.

17. While STEPHEN was at LAKEVIEW, he suffered four broken bones in eight months.

18. Beginning on July 26, 2014 and for several consecutive days, STEPHEN phoned his mother, KAREN GRAHAM, stating he was in pain and needed help.

19. KAREN GRAHAM repeatedly notified Lakeview of these requests and asked that STEPHEN see a physician. She even offered to drive STEPHEN to the doctor herself. LAKEVIEW staff, including JAYME SAUCIER, a nurse in the Meadows unit where STEPHEN was housed, assured KAREN GRAHAM they would tend to STEPHEN.

20. LAKEVIEW did not take STEPHEN to see a doctor so, on August 1, 2014; KAREN GRAHAM decided to rescue STEPHEN from LAKEVIEW and brought him to her home. KAREN GRAHAM did this, despite the high level of care STEPHEN then required, because he had already broken his wrist, his shoulder and been kicked in the head while at LAKEVIEW and she no longer trusted her son's safety to the Defendants.

21. Once home, STEPHEN disclosed that on July 26, 2014, LAKEVIEW staffer LES GREENLEAF had violently restrained STEPHEN, tossing him to the floor at least twice.

22. X-rays performed on August 2, 2014, at Dartmouth-Hitchcock Urgent Care in Nashua revealed that STEPHEN had been suffering with a broken shoulder as a result of the July 26, 2014, altercation with LES GREENLEAF. He had an "acute re-fracture of the left greater tuberosity…" having previously injured the same shoulder while at LAKEVIEW.

23. STEPHEN further disclosed that LAKEVIEW staffers, despite his serious injury, were forcing him to sleep on the floor. He also made it known that he had begged, daily, since being assaulted by LES GREENLEAF, to be taken to the hospital, but his pleas were ignored by all LAKEVIEW staff and the other named Defendants.

24. As it turns out, the only effort to provide STEPHEN with medical treatment was undertaken by VALERIE CHACON, Meadows unit head nurse, who told investigators later that she had arranged for a mobile x-ray only to cancel it as the x-ray company she contacted did not provide service in LAKEVIEW's geographic area.

25. A subsequent investigation by the Bureau of Development Services determined that, among other things, many of the allegations of abuse against STEPHEN, in particular the complete failure to provide him any medical treatment, were founded.

## **FEDERAL CLAIMS**

### **COUNT I**

**TITLE III OF THE AMERICANS
WITH DISABILITIES ACT, 42 USC § 12181, et seq.**

26. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

27. Plaintiff's various disabilities substantially limit major life activities. Therefore, Plaintiff is an individual with a disability under Title III of the Americans with Disabilities Act. The Plaintiff meets the essential eligibility requirements for defendant services at all times. Thus the Plaintiff is a qualified individual with a disability and entitled to the protections of the Americans with Disabilities Act under 42 USC § 12181, et seq.

28. As Defendants were aware, or should have been aware, of the risk that injuring STEPHEN and then refusing to provide him medical treatment violated Plaintiff's civil rights, the Defendants ignored that risk and intentionally violated Title III of the Americans with Disabilities Act in numerous ways, including discriminatory actions which occurred when they:

    (a) Failed to maintain policies and procedures to ensure compliance with Title III of the Americans with Disabilities Act, specifically policies that provide equal access and effective communication to individuals with disabilities, fair and non-abusive treatment;

    (b) Failed to modify policies and procedures to prevent discrimination against the Plaintiff;

    (c) Failed to properly train and supervise employees and agents as how to care for a brain injured person;

    (d) Failed to treat Plaintiff as effectively as non-disabled persons and patients;

    (e) Excluded Plaintiff from services of the public entity, isolated Plaintiff and denied Plaintiff the benefit of these services due to his disability;

    (f) Abused plaintiff; and

    (g) Refused to provide him medical treatment.

29. Defendants' violations of Title III of the Americans with Disabilities Act are the proximate cause of damage to Plaintiff.

# COUNT II

## SECTION 504 OF THE REHABILITATION ACTION OF 1973, 29 U.S.C. § 706

30. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

31. STEPHEN LEVESQUE has a history of traumatic brain injury, is considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended. *See* 29 U.S.C. § 706(8). Plaintiff is otherwise qualified under Section 504 of the Rehabilitation Act because he meets the essential eligibility requirements for Defendants' services at all relevant times. Further, the Defendants are recipients of federal financial assistance and/or funding, directly and indirectly.

32. Defendant LAKEVIEW's policies, practices and procedures, particularly the actions or omissions described above, violated the Plaintiff's rights under Section 504 of the Rehabilitation Act by discrimination on the basis of a disability.

33. Additionally, Defendant LAKEVIEW also denied Plaintiff services that they made available to non-disabled patients.

34. Defendant LAKEVIEW violated Plaintiff's rights through their repeated refusal to reasonably accommodate Plaintiff with appropriate medical treatment and services, or to modify policies and procedures to prevent discrimination.

35. Further, Defendant LAKEVIEW abused Plaintiff.

36. Defendant LAKEVIEW's violations of Section 504 are the proximate case of damage to the Plaintiff.

# STATE CLAIMS

## COUNT III

### NEGLIGENCE
**Against All Defendants**

37. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

38. The Defendants had a duty of care to Plaintiff STEPHEN LEVESQUE, to assist him, to provide appropriate support, and services, and guidance in dealing with his disability and developing skills to cope with his life challenges and afford him simple dignity.

39. At all times relevant to this action, the Defendants breached their duty of care to the Plaintiff by failing to provide STEPHEN at all appropriate and necessary times and places, without legal excuse for not doing so, with appropriate and reasonable treatment, care, education, and support.

40. Wholly unmindful of these duties and obligations, the Defendants breached their duty of care to the Plaintiff as set forth above by repeatedly physically, emotionally and psychologically abusing STEPHEN and failed generally to provide the services to the Plaintiff as required. As a proximate result of the Defendants' actions, Plaintiff suffered damages.

## COUNT IV

### MEDICAL NEGLIGENCE
**Lakeview Neurorehabilitation Center, Inc., Lakeview Management, Inc., Jayme Saucier and Valerie Chacon**

41. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

42. The Defendants had a duty of care to Plaintiff STEPHEN LEVESQUE, to provide him treatment for his fractured shoulder.

43. The Defendants breached their duty of care to the Plaintiff by failing to provide STEPHEN with medical treatment for his fractured shoulder.

44. As a proximate result of the Defendants' actions, Plaintiff suffered damages.

### COUNT V

**NEGLIGENT TRAINING AND SUPERVISION**
**Lakeview Neurorehabilitation Center, Inc. and Lakeview Management, Inc.**

45. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

46. Defendant LAKEVIEW had a duty to provide appropriate training, guidance, supervision and education to their officers, administrators, managers and employees about providing appropriate treatment, care, education, and support to STEPHEN. This duty is particularly important given that Defendant's officers, administrators, managers and employees were responsible for providing treatment, care, and support to STEPHEN.

47. At all times relevant to this action, Defendant LAKEVIEW breached its duty of care to the Plaintiff, by failing to properly screen, train, and supervise their officers, administrators, managers and employees who repeatedly abused STEPHEN.

48. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty. As a proximate result of Defendant LAKEVIEW's actions, Plaintiff suffered damages

### COUNT VI

**BATTERY**
**Lakeview Neurorehabilitation Center, Inc., Lakeview Management, Inc.,**
**And Les Greenleaf**

49. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

50. By the actions described above, the Defendants' physical contact with the Plaintiff during the physical abuse performed by the Defendants and its officers, administrators, managers and employees was unprivileged, harmful and offensive to Plaintiff, and constituted battery against STEPHEN's person.

51. As a direct and proximate result of the battery by Defendants, Plaintiff suffered damages.

## COUNT VII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### All Defendants

52. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

53. The Defendants and LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of STEPHEN's disability and his needs, however, and notwithstanding that knowledge, the Defendants and LAKEVIEW's officers, administrators, managers and employees intentionally deprived Plaintiff of his rights and injured the Plaintiff.

54. The Defendants and LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of their responsibility to provide treatment, care, and support to STEPHEN.

55. As a proximate result of the Defendants' outrageous acts and omissions, intentional and deliberately indifferent acts and omissions, the Defendants' intentionally inflicted emotional distress unto the Plaintiff.

56. As a proximate result of the Defendants' actions, Plaintiff suffered damages.

## COUNT VIII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**All Defendants**

57. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

58. The Defendants and LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of STEPHEN's disability and his needs, however, and notwithstanding that knowledge, the Defendants and Defendant LAKEVIEW's officers, administrators, managers and employees negligently deprived Plaintiff of his rights and injured the Plaintiff.

59. The Defendants and Defendant LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of their responsibility to provide treatment, care, and support to STEPHEN.

60. As a proximate result of the Defendants' actions, Plaintiff suffered damages.

## COUNT IX

### NEW HAMPSHIRE TITLE XII, RSA
### CHAPTER 171-A, SERVICES FOR THE DEVELOPMENTALLY DISABLED
**Lakeview Neurorehabilitation Center, Inc. and Lakeview Management, Inc.**

61. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

62. New Hampshire Title XII, RSA Chapter 171-A requires that persons with developmental disabilities and their families be provided services that emphasize community living and programs to support individuals and families, beginning with early intervention, and that such services and programs shall be based on the following:

> I. Participation of people with developmental disabilities and their families in decisions concerning necessary, desirable, and appropriate services, recognizing that they are best able to determine their own needs.
>
> II. Services that offer comprehensive, responsive, and flexible support as individual and family needs evolve over time.
>
> III. Individual and family services based on full participation in the community, sharing ordinary places, developing meaningful relationships, and learning things that are useful, as well as enhancing the social and economic status of persons served.
>
> IV. Services that are relevant to the individual's age, abilities, and life goals, including support for gainful employment that maximizes the individual's potential for self-sufficiency and independence.
>
> V. Services based on individual choice, satisfaction, safety, and positive outcomes.
>
> VI. Services provided by competent, appropriately trained and compensated staff.

63. LAKEVIEW receives state and federal funding and is obligated to abide by and follow the state requirements and treatments of patients and care of developmentally disabled persons such as the Plaintiff.

64. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty of care to Plaintiff as set forth above by allowing STEPHEN to be assaulted and by generally failing to provide the services to STEPHEN as required by the above statute. As a result of the Defendants' actions, Plaintiff suffered harm.

## COUNT X

### NEW HAMPSHIRE TITLE, XII, CHAPTER 161-F (PROTECTIVE SERVICES FOR ADULTS)

65. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

66. New Hampshire RSA 161-F prohibits the neglect of an incapacitated person and defines neglect as an act or omission which results or could result in the deprivation of essential services or supports necessary to maintain the minimum mental, emotional or physical health and safety of an incapacitated adult.

67. STEPHEN is an incapacitated adult and Defendant LAKEVIEW is an entity that receives state and federal funds and is obligated to abide by and follow the state requirements in the treatment of patients and care of developmentally disabled and incapacitated persons such as the Plaintiff.

68. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty of care to the Plaintiff as set forth above by repeatedly allowing staffers to physically assault and otherwise degrade STEPHEN LEVESQUE and generally failing to provide the services to Plaintiff as required by the above statute. As a result of Defendant LAKEVIEW's actions, Plaintiff suffered damages.

## COUNT XI

### RESPONDEAT SUPERIOR
### Lakeview Neurorehabilitation Center, Inc.

69. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

70. The conduct alleged above by the agents, employees, staff, teachers, officers and managers of Defendant LAKEVIEW occurred during the course and scope of their duties and functions as employees of the Defendant LAKEVIEW and, as a result, Defendant LAKEVIEW is liable to the Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

# COUNT XII

## ENHANCED COMPENSATORY DAMAGES

71. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

72. All of the causes of action above were caused by conduct, either directly or indirectly, of the Defendant and/or agents and did proximately result in actual damage to the Plaintiff. All of the causes of action above were the result of the Defendants' wanton, malicious or oppressive conduct. As a result, Plaintiff is entitled to enhanced or liberal compensatory damages.

**WHEREFORE**, the Plaintiff respectfully prays that this Court enter judgment against Defendant LAKEVIEW, providing the following relief:

A. Declare that Defendant LAKEVIEW NEUROREHABILITATION CENTER, INC.'s and LAKEVIEW MANAGEMENT, INC.'s practices, policies and procedures have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973;

B. Enter judgment in favor of Plaintiff STEPHEN LEVESQUE, BY HIS M/N/F, AND GUARDIAN, KAREN GRAHAM, INDIVIDUALLY awarding any and all relief available under law to the maximum extent allowed by common law, state and federal statutes, and the Constitution of New Hampshire and the United States of America, including but not limited to the following:

    1. Compensatory damages;

    2. Treble damages pursuant to NH RSA 358-A:10;

    3. Enhanced Compensatory damages;

    4. Punitive damages;

5. All damages available pursuant to NH RSA 151:30;

6. Reasonable costs, interest and attorneys' fees; and

7. Award any and all other relief that may be just, necessary and appropriate

Respectfully submitted,

STEPHEN LEVESQUE, BY HIS M/N/F, AND GUARDIAN, KAREN GRAHAM, INDIVIDUALLY

By their attorneys,

NIXON, VOGELMAN, BARRY,
    SLAWSKY & SIMONEAU, P.A.

Dated: July 26, 2017      By:     */s/* Kirk C. Simoneau (#19291)
77 Central Street
Manchester, NH 03101
(603) 669-7070
*ksimoneau@davenixonlaw.com*